```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    ROB B. VILLEZA (Cal. State Bar No. 142820)
 4  Assistant United States Attorney
    Deputy Chief, OCDETF Section
 5    1400 United States Courthouse
      312 North Spring Street
 6    Los Angeles, California 90012
      Telephone: (213) 894-6579
 7    Facsimile: (213) 894-0142
      E-mail: rob.villeza@usdoj.gov
 8
    Attorneys for Plaintiff
 9  United States of America
```

ORIGINAL
FILED
CLERK, U.S. DISTRICT COURT
OCT 28 2011
CENTRAL DISTRICT OF CALIFORNIA
BY ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-1236-R |
| Plaintiff, | <u>CRIMINAL DOCUMENT</u> |
| v. | [<u>UNDER SEAL</u>] |
| RICKY JAMES BRASCOM, et al., | |
| Defendants. | |

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ROB B. VILLEZA (Cal. State Bar No. 142820)
Assistant United States Attorney
Deputy Chief, OCDETF Section

    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6579
    Facsimile: (213) 894-0142
    E-Mail: rob.villeza@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
OCT 28 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | CR No. 10-1236-R |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION REGARDING SENTENCING FACTORS FOR DEFENDANT MARLON PARRIS |
| v. | |
| RICKY JAMES BRASCOM, et al., | Sentencing Date: November 7, 2011<br>Time: 1:30 p.m. |
| Defendants. | (UNDER SEAL) |

    Plaintiff United States of America, through its counsel of record, Assistant United States Attorney Rob B. Villeza, hereby files its position regarding sentencing factors for defendant Marlon Parris.

    The government's sentencing memorandum is based on the attached memorandum of points and authorities, the files and records in this case, and any additional argument or evidence it

1  may present at sentencing.
2      DATED: October 26, 2011.
3                              Respectfully submitted,
4                              ANDRÉ BIROTTE JR.
                               United States Attorney
5
                               ROBERT E. DUGDALE
6                              Assistant United States Attorney
                               Chief, Criminal Division
7
8                              ROB B. VILLEZA
                               Assistant United States Attorney
9                              Deputy Chief, OCDETF Section
10
                               Attorneys for Plaintiff
11                             UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

### Government's Position Regarding the Presentence Report

The government concurs with the findings and guideline calculations set forth in the presentence report (PSR).

## II

### Sentencing Guideline Factors

On 6/20/11, defendant Marlon Parris ("defendant") pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), as alleged in count one of the indictment. In his plea agreement with the government and during his guilty plea, defendant admitted that he conspired with co-defendants Ricky James Brascom ("R. BRASCOM"), Jerone Brascom ("J. BRASCOM"), Heriberto Lopez ("LOPEZ), and others, to distribute at least five kilograms of cocaine launder money.

Specifically, he admitted that, during a series of intercepted phone conversations between 9/30/10 and 10/2/10, R. BRASCOM obtained 118 kilograms of cocaine from LOPEZ and arranged for J. BRASCOM to deliver the cocaine to his distributors and collect drug proceeds in Baltimore. On 10/1/10, at the direction of R. BRASCOM, defendant flew with the cocaine to Baltimore by charter jet, piloted by Leonardo Concepcion ("CONCEPCION"). On 10/2/10, J. BRASCOM confirmed with R. BRASCOM that he and defendant had collected drug proceeds and R. BRASCOM instructed J. BRASCOM and defendant to deliver 20 kilograms of cocaine to "M," 18 kilograms of cocaine to "Cuzzo," and 80 kilograms of cocaine to "SM."

He also admitted that, during a series of intercepted phone

conversations between 10/7/10 and 10/11/10, R. BRASCOM arranged with J. BRASCOM to receive cash derived from drug trafficking to help pay for the cocaine seized on 9/28/10. On 10/7/10, J. BRASCOM drove defendant to the airport with a carry-on suitcase containing $240,060 in cash which defendant knew was derived from drug trafficking and intended to deliver to R. BRASCOM in Los Angeles. However, when defendant's plane landed in Phoenix for a connecting flight to Los Angeles, the cash was seized by police after it was found in defendant's carry-on suitcase. In a subsequent intercepted call, defendant told R. BRASCOM that the cash was seized by police.

In paragraph 17 of the plea agreement, the parties agreed to the following applicable Sentencing Guidelines factors:

Base Offense Level : 33 [U.S.S.G. § 2D1.1][1]
Adjustments
    Mitigating Role: -2 [U.S.S.G. § 3B1.2(b)]
Acceptance of Responsibility : -3 [U.S.S.G. § 3E1.1]
Total : 28

According to the PSR, defendant's criminal history category is II, which results in an advisory guideline range of 87 to 108 months. However, a 10-year (120 months) mandatory minimum penalty applies.

The parties further agreed not to seek, argue, or suggest in any way, either orally or in writing, that any other specific

---

[1] Pursuant to USSG 2D1.1(a)(5), the base offense level is decreased three levels (to 33) because the parties agreed that defendant should receive a mitigating role adjustment.

4

offense characteristics, adjustments or departures, from either the applicable Offense Level or Criminal History Category, be imposed. However, the parties reserved the right to argue for a sentence outside of the guideline range based on the factors set forth in 18 U.S.C. § 3553(a).

III

Cooperation

During a proffer meeting on 6/16/11, defendant offered his cooperation by providing information about co-defendants R. BRASCOM, J. BRASCOM, and LOPEZ. Specifically, he explained how he was recruited by R. BRASCOM and J. BRASCOM to travel to Baltimore on a charter jet loaded with cocaine. He then went with J. BRASCOM to deliver the cocaine to several distributors in Baltimore and Philadelphia. He also confirmed that he met with LOPEZ, whom defendant identified as the "Boss" and oversaw drug operations. Defendant also provided locations where cocaine and money was delivered or stored, and flew back to Los Angeles with suitcases containing drug cash proceeds.

Although defendant's information has not led to additional charges, arrests, or seizures, the case agent, DEA SA Jeffrey S. LaRock, confirms that the information has been helpful in corroborating information developed in an ongoing investigation of distributors in Baltimore.

As such, defendant's assistance merits a sentence at the low end of the advisory guideline range of 87 to 108 months, and a motion pursuant to 18 U.S.C. § 3553(e), allowing for a sentence below the 10-year mandatory minimum sentence. A 33-month reduction in defendant's sentence (120 months to 87 months) is

fair, reasonable, and appropriate, without any further sentence reduction under U.S.S.G. 5K1.1, given the limited value of the information and the sentencing factors set out in 18 U.S.C. § 3553(a).

The government will consider filing a motion for a further sentence reduction after sentencing, pursuant to Fed R. Cr. P. Rule 35(b), if the information defendant provided becomes useful in a subsequent investigation or prosecution, or if LOPEZ is apprehended and defendant agrees to testify as a government witness.

## IV

### The Sentencing Guidelines Provide an Appropriate Sentence

Based on the guideline calculations discussed above, defendant's advisory guideline range is 87 to 108 months. A low-end sentence of 87 months takes into account defendant's assistance and the following considerations set out in 18 U.S.C. § 3553(a).

1. **Nature and Circumstances of the Offense**

Although defendant was part of a large-scale cocaine operation involving a multi-state distribution network, he served a lesser role when compared to R. BRASCOM and J. BRASCOM. Thus, the parties have agreed to a two-level reduction for minor role (that also lowers the base offense level from 36 to 33). However, defendant on his own concocted a story to protect R. BRASCOM and J. BRASCOM when he was stopped in Denver and Phoenix with a carry-on bag containing over $240,000 in cash. (PSR ¶¶ 28-31). He gave several false stories to explain the cash, telling investigators that the cash was for music promotions and

for his cousin, "Tyrone Brascom." (Id.) In an intercepted call, defendant told R. BRASCOM that he had to lie to protect R. BRASCOM and conceal the illegal source of the cash. (Id.)

A guideline sentence would accurately reflect the seriousness and scope of defendant's criminal conduct.

2. **History and Characteristics of the Defendant**

Defendant's criminal history has been taken into account as reflected in his criminal history category of II. Consequently, defendant's guideline range appropriately reflects the nature of his criminal conduct and criminal history.

3. **Need for the Sentence Imposed**

The sentencing guideline sentence reflects the seriousness of the drug offense, promotes respect for the law, and provides a just punishment for the offense. It also affords adequate deterrence to criminal conduct by providing sufficient punishment for a serious offense, while the government's recommendation of a sentence below the mandatory minimum 10-year sentence and at the low end of the advisory guideline range adequately factors in his cooperation.

This guideline sentence also is calculated to protect the public from further crimes of the defendant taking into account his involvement in large-scale drug trafficking.

4. **Need to Avoid Unwarranted Sentence Disparities**

Following the recommended sentencing guideline range will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Although R. BRASCOM and J. BRASCOM have not yet been sentenced, their potential guideline sentences are substantially higher than

87 to 108 months.

Nothing in defendant's background warrants a sentence outside the recommended guidelines. Thus, a sentence within the guidelines is warranted.

V

CONCLUSION

Based on the foregoing, the government recommends a low-end guideline sentence of 87 months.

# CERTIFICATE OF SERVICE

I, **IAN ZULUETA**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of the United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California, 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S POSITION REGARDING SENTENCING FACTORS FOR DEFENDANT MARLON PARRIS**
service was:

[X] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and Mailing via United States Mail, addressed as follows:

[] Electronic Mail

[] By hand delivery

[] By facsimile as follows:

[] By federal express as follows:

**Elizabeth Morony, USPO**
**600 N. Spring St.**
**Los Angeles, CA 90012**

**David M. Philips**
**3853 Brockton Ave.**
**Riverside, CA 92501**

This Certificate is executed on October 27, 2011 at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
IAN ZULUETA